UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT THOMAS and DONNA THOMAS,

        Plaintiff,

  -against-

ARSENITY S. SERGEYCHIK and POLONEZ
PARCEL SERVICE, INC.,

        Defendants.
-----------------------------------------------------------x

**COMPLAINT**

Index No.:_____

JURY TRIAL DEMANDED

**JUDGE KARAS**

**08 CIV. 2374**

Plaintiffs by their attorney, Daniel A. Seymour, a member of BANK, SHEER,

SEYMOUR & HASHMALL, complaining of the defendant's, respectfully allege as follows:

### *JURISDICTION AND VENUE*

1. This action arises out of serious and profound injuries sustained by the plaintiff,

ROBERT THOMAS, as a result of a motor vehicle incident arising as a result of the defendant's

negligence.  Jurisdiction is conferred by 28 U.S.C. Section 1332 as plaintiffs are citizens of the

State of New York, the defendants are citizens of the State of Massachusetts and the defendants

conduct business in the Southern District of the State of New York, and the matter in controversy

exceeds, exclusive of interest and costs, the sum of $75,000.00.

2. Because the defendant's conducted business within the Southern District of

New York and because all of the relevant underlying events giving rise to the claim occurred

within the Southern District of New York, venue properly lies pursuant to 28 U.S.C. Section

1391(a).

3.  That at all times hereinafter mentioned, the defendant, ARSENITY S.

SERGEYCHIK, is a resident of the Town of West Springfield, in the State of Massachusetts.

4.  That at all times hereinafter mentioned, the defendant, ARSENITY S.

SERGEYCHIK is an employee of defendant, POLONEZ PARCEL SERVICE, INC., which is and was a foreign corporation engaged in business within the State of New York.

5. That at all times hereinafter mentioned, the defendant, POLONEZ PARCEL SERVICE, INC., is a foreign corporation, organized and existing under the laws of the State of Massachusetts and authorized to conduct business within the State of New York.

6. That at all times hereinafter mentioned the defendant, POLONEZ PARCEL SERVICE, INC., is a foreign corporation engaged in business within the State of New York.

7. That at all times hereinafter mentioned, the defendant, POLONEZ PARCEL SERVICE, INC., maintains its principal place of business at 143 Doty Circle, West Springfield, Massachusetts.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF, ROBERT THOMAS
### AGAINST THE DEFENDANTS, ARSENITY S. SERGEYCHIK AND
### POLONEZ PARCEL SERVICE, INC.

8. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs designated "First" through "Seventh" of this complaint with the same force and effect as if set forth more fully at length herein.

9. That at all times hereinafter mentioned, plaintiff ROBERT THOMAS was the operator of a 1993 Mack truck bearing New York Registration No. 27403TR.

10. That at all times hereinafter mentioned, defendant, ARSENITY S. SERGEYCHIK was the operator of a 2005 Freightliner truck bearing Massachusetts Registration No. 45249.

11. That at all times hereinafter mentioned, defendant, POLONEZ PARCEL SERVICE, INC. was the owner of a 2005 Freightliner truck bearing Massachusetts Registration No. 45249.

12. That at all times hereinafter mentioned, Interstate 95 at or near the New

Rochelle Toll Barrier, City of New Rochelle, New York, County of Westchester was, and still is,

a public thoroughfare.

13. That on June 27, 2005, the vehicle operated by defendant, ARSENITY S.

SERGEYCHIK, with the explicit knowledge, permission and consent of his employer,

defendant, POLONEZ PARCEL SERVICE, INC., was in a collision with the plaintiff's vehicle

on Interstate 95 at or near the New Rochelle Toll Barrier, City of New Rochelle, New York,

County of Westchester.

14. The above mentioned incident was caused solely as a result of the defendants'

negligence which consisted of the following: that the aforementioned collision was caused by the

carelessness and negligence of the defendants, their agents, servants and/or employees in the

ownership, operation, maintenance and control of said motor vehicle owned and operated by the

defendant. As aforesaid, was at the aforesaid date, time and place, operated at a dangerous,

excessive and unlawful rate of speed under the circumstances then and there existing; in

improper lane usage; in failing to reasonably and properly control, slow, stop or turn said motor

vehicle as would be prudent under the circumstances or in such a manner as to avoid the

occurrence; in failing to observe and heed the road and traffic conditions, signs and signals then

and there existing and such signs and signals as were given in the vicinity of the scene of the

incident; in failing to keep a lookout ahead, to the side and rear while proceeding; in failing to

observe the rules of the road made and provided for governing of the movement of motor

vehicles on the roadway; in failing to reduce the speed of said motor vehicle upon approaching

the place where the incident occurred as the laws, facts and circumstances existing at the scene

of the incident would dictate; in failing to give a signal by hand, light, horn or other warnings; in

failing to keep said motor vehicle under proper and reasonable control and in the proper lanes of

traffic; in failing to timely and properly apply brakes, and/or to steer and change the course and

direction of said motor vehicle as to avoid said collision; in operating said motor vehicle in

excess of the speed limit then and there existing; in operating said motor vehicle at a speed

greater than was reasonable and prudent under the circumstances and conditions in regard to the

actual and potential hazards there existing, thereby endangering the life, limb and property of the

plaintiff herein; in failing to keep said motor vehicle under proper control and in the proper lane

of traffic; in failing to have adequate braking, lighting, steering and rear view vision devices and

in failing to have same, if any, properly adjusted and in good working order sufficient to control

said motor vehicle, light the way, warn and to reveal any person, vehicle or substantial object on

the highway; in failing to keep said motor vehicle in the proper lane of traffic and to yield the

right of way to persons and vehicles entitled thereto; in failing to use proper caution, signals and

control in turning and/or passing; in operating said motor vehicle in a careless, reckless,

imprudent and unreasonable manner and failing to use due care.

   15. That as a result of the negligence as aforementioned, plaintiff, ROBERT

THOMAS, was caused to sustain a serious injury as that term is defined in the Insurance Laws of

the State of New York.

   16. That the plaintiff, ROBERT THOMAS, is a covered person and has sustained

economic and non-economic loss as that term is defined in the Insurance Laws of the State of

New York.

   17. That by reason of the foregoing, plaintiff, ROBERT THOMAS, was caused

to sustain severe and serious personal injuries to his mind and body, some of which, upon

information and belief, are permanent.  Further, plaintiff was caused to expend and become

obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an

effort to alleviate the pain and suffering sustained as a result of the defendant's negligence; the

plaintiff was further caused to lose substantial periods of time from his normal vocation, and

upon information and belief, may continue in that way into the future and suffer similar losses.

18.  That by reason of the foregoing occurrence and injuries arising therefrom,

plaintiff, ROBERT THOMAS, has been damaged in a sum in excess of $75,000.00.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, DONNA THOMAS, AGAINST THE DEFENDANT'S, ARSENITY S. SERGEYCHIK AND POLONEZ PARCEL SERVICE, INC.

19.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in

Paragraphs designated "1" through "18" of this complaint with the same force and effect as if set

forth more fully at length herein.

20.  That at all times hereinafter mentioned, plaintiff, DONNA THOMAS, was,

and still is the wife of plaintiff, ROBERT THOMAS.

21.  That as a result of the negligence as aforementioned, the plaintiff, DONNA

THOMAS, was caused to lose the society, companionship and consortium of her husband,

plaintiff, ROBERT THOMAS.

22.  That as a result of the foregoing, the plaintiff, DONNA THOMAS, has been

damaged in a sum in excess of $75,000.00.

*W H E R E F O R E,* plaintiff demands judgment against the defendants on all

causes of action in a sum to be determined by the trier of fact together with interest, costs and

disbursements.

Dated:  White Plains, New York
        October 18, 2007                    YOURS, etc.,

BANK, SHEER, SEYMOUR & HASHMALL

BY: DANIEL A. SEYMOUR
Attorneys for Plaintiffs
399 Knollwood Road - Suite 220
White Plains, New York 10603
(914) 761-9111

TO:        POLONEZ PARCEL SERVICE
           143 Doty Circle
           West Springfield, Massachusetts.